```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

EUGENE FLEMON,                )
          Plaintiff,          )
                              )
     v.                       )    C.A. No. 03-12645-DPW
                              )
CITIZEN'S BANK,               )
          Defendant.          )
```

## MEMORANDUM

On December 15, 2004, Mr. Flemon submitted for filing his self-prepared complaint accompanied by an Application to Proceed Without Prepayment of Fees and Affidavit. For the reasons set forth below, plaintiff is advised that his complaint is subject to dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

## REVIEW

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of Title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which

relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## DISCUSSION

Plaintiff's one page complaint contains the following statement as the only allegation of fact:

> Citizens. Dudley, Roxbury, Mass. 02119. I was in Citizens back in 1999 and people have my money. The Bank management know about it. [I]t a major conspiracy from Citizens Bank. Right to amend this complaint.

See Complaint.

Even construing plaintiff's complaint generously, Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), plaintiff's factual allegations are too conclusory to state a cognizable claim. See, e.g., Wilson v. Budney, 976 F.2d 957, 957(5th Cir. 1992) (affirming; conclusory allegations of a civil rights conspiracy are subject to dismissal as frivolous under former § 1915(d)); Dekoven v. Bell, 140 F. Supp. 2d 748, 757 (E.D. Mich. 2001) (dismissing; plaintiff made no specific factual allegations that any of the named defendants violated

2

his rights under the federal constitutional or other federal law).

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

Dated at Boston, Massachusetts, this 25th day of May, 2004.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE